UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2009 PSG GJS | Date | June 28, 2017 |
|---|---|---|---|
| Title | Sarkis Baghikian v. BSI Financial Services *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order Denying Plaintiff's *Ex Parte* Application for Temporary Restraining Order

Before the Court is Plaintiff Sarkis Baghikian's *ex parte* application for a temporary restraining order. Dkt. # 35 ("Mot."). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court DENIES Plaintiff's application.

I.   Background

In September 2008, Plaintiff Sarkis Baghikian ("Plaintiff") obtained a loan secured by a Note and Deed of Trust on his personal residence ("the subject property"). Dkt. # 15, *First Amended Complaint* ("FAC") 2. Plaintiff defaulted on the loan and a Notice of Default was recorded against the property on May 2, 2016. *Id.*, Ex. G. The Notice was followed by the recording of a Notice of Trustee's Sale on January 10, 2017. *Id.*, Ex. J. On March 3, 2017, Defendant CAM XVII Trust ("Defendant") acquired the subject property at a foreclosure sale, and thereafter, on April 5, 2017, filed an unlawful detainer action against Plaintiff in state court. *Id. at* 14; *Mot.* 6.

On March 14, 2017, Plaintiff filed this action Defendant and other lending institutions for (1) declaratory relief, 28 U.S.C. §§ 2201, 2202; (2) wrongful foreclosure; (3) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; (4) cancellation of instruments; (5) quiet title; and (6) violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200. *See FAC*.

On June 27, 2017, Plaintiff filed this *ex parte* application for a temporary restraining order ("TRO") to enjoin Defendants from proceeding with the unlawful detainer action in state court. *See Mot.* For the following reasons, Plaintiff's *ex parte* application is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2009 PSG GJS | Date | June 28, 2017 |
|---|---|---|---|
| Title | Sarkis Baghikian v. BSI Financial Services *et al.* | | |

II. <u>Legal Standard</u>

The law on *ex parte* applications is well settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). As the Court's standing order indicates, *ex parte* requests will only be entertained by the Court for extraordinary situations and should be used with discretion. *Standing Order* ¶ 10.

III. <u>Discussion</u>

Plaintiff's *ex parte* application seeks a TRO enjoining Defendants from proceeding in the unlawful detainer action. The application fails for two reasons: (1) the Court is without jurisdiction to enjoin the pending unlawful detainer action in state court, and (2) Plaintiff is at fault in creating the crisis requiring *ex parte* relief.

First, the Court notes that the Anti-Injunction Act severely limits a federal court's ability to enjoin state court proceedings. In fact, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. A request for a TRO enjoining a state court unlawful detainer action does not fall into one of the exceptions listed in the Act. *Iam v. Washington Mut. Bank*, CV 12-4106, 2013 WL 56703, at *1 (N.D. Cal. 2013) ("A number of district courts have found that a stay of unlawful detainer proceedings does not fall into one of the exceptions listed in the Act."); *see also Corder v. CM REO Trust,* CV 13-495 DMG PLA, 2013 WL 6255126, at *5 (C.D. Cal. June 3, 2013). Therefore, the Court "is without jurisdiction to enjoin the pending unlawful detainer action in state court." *Tachiquin v. HSBC Bank USA*, CV 12-2712 AJB RBB, 2012 WL 5512546, *2 (S.D. Cal. Nov.14, 2012).

Second, even if the Court could grant Plaintiff's request, the *ex parte* application fails because Plaintiff has not shown that he is without fault in creating the crisis requiring *ex parte* relief. Despite notice of the unlawful detainer action filed on April 5, 2017, Plaintiff waited nearly three months to file this *ex parte* application seeking to stay the unlawful detainer action in state court. Plaintiff does not explain this delay and has "therefore failed to demonstrate the absence of fault in creating the crisis that supposedly warrants *ex parte* relief." *Santos v. JP Morgan Chase Bank, N.A.*, CV 10-9712 PSG PWJ, 2010 WL 5313740, at *2 (C.D. Cal. Dec. 17, 2010) (citing *Mission Power*, 883 F. Supp. at 492).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2009 PSG GJS | Date | June 28, 2017 |
|---|---|---|---|
| Title | Sarkis Baghikian v. BSI Financial Services *et al.* | | |

IV.    Conclusion

Based on the foregoing, Plaintiff's *ex parte* application to enjoin Defendants with proceeding in the unlawful detainer action is DENIED.

**IT IS SO ORDERED.**